AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Antonio Jose Maes | ) | Case No. **25mj200** |
| *Defendant(s)* | ) | |

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **August 22, 2024** in the county of **Curry** in the
**_____** District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B) | Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine. |

This criminal complaint is based on these facts:

See attached affidavit, incorporated by reference herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Chandler Rule, Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: February 12, 2025

*Judge's signature*

City and state: Albuquerque, New Mexico   Hon. John F. Robbenhaar, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Chandler Rule, Special Agent with the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state as follows:

1. I have been a Special Agent with the DEA since 2021. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for criminal offenses, to include those enumerated in 18 U.S.C. § 2516.

2. To become a Special Agent, I received advanced training in controlled substance identification, narcotics related investigation techniques, interview and interrogation training, preparation of search warrants, tactical applications of narcotics enforcement, surveillance and electronic monitoring techniques. I also received training in the methods of operation of Drug Trafficking Organizations, and in the investigation of Title 21 violations. As a result, I am familiar with matters including, but not limited to, the means and methods used by individuals to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions.

3. This affidavit is based on my observations and information obtained from other law enforcement sources. It does not set forth all of my knowledge related to this investigation. This affidavit is submitted in support of a criminal complaint charging Antonio Maes ("Maes") with the following violations:

    a. 21 U.S.C. §§ 841(a)(1) and (b)(1)(B): Possession with Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine.

## PROBABLE CAUSE

4. In the evening hours of August 21, 2024, the Clovis Police Department received a call from the local hospital regarding an individual who sustained a stab wound. The victim identified the person who stabbed him/her as Antonio Maes ("Maes"). According to the victim, Maes resided at 715 Sheldon Street in Clovis, New Mexico.

5. On August 22, 2024, officers with the Clovis Police Department observed Maes outside of his residence. When officers attempted to arrest Maes for the stabbing, he fled inside the house. Officers immediately attempted to set up a perimeter around the residence. As officers moved around to the south side of the house, officers heard an object strike a chain-link fence to the south of the residence. Officers did not observe anyone in the back yard. Within an hour of Maes fleeing into the residence, Maes surrendered to law enforcement.

6. On August 23, 2024, the Clovis Police Department received a phone call from the neighbors to the south of Maes' residence. The neighbors reported they had located what they believed to be methamphetamine in their back yard.

7. Agents responded to the scene and located approximately 448 grams of methamphetamine in the neighbor's back yard, beside a chain-link fence.

8. Clovis Police Department officers then sought additional evidence linking Maes to the methamphetamine. They obtained search warrants for Maes's Digital Video Recording system. On the DVR recordings, officers witnessed Maes retreating into his house as officers approached. Shortly afterwards, a camera behind the house recorded Maes throwing an item towards his neighbor's property, on the south side of his residence.

9. I believe, based on my training and experience, the review of the DVR system, and the location of the methamphetamine, that Antonio Maes was in possession of the methamphetamine and threw it over the fence to prevent law enforcement from finding the methamphetamine.

10. Based on my training and experience, the quantity of methamphetamine recovered is too large to be consistent with personal use and would instead be intended for distribution. The methamphetamine was also packaged in smaller baggies, grouped in weights commonly used in narcotics distribution (for example, an ounce, half an ounce, etc.).

11. All of these events occurred in Curry County, within the District of New Mexico.

12. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Chandler Rule
Special Agent
Drug Enforcement Administration

Telephonically sworn and electronically signed on February 12, 2025.

HONORABLE JOHN F. ROBBENHAAR
UNITED STATES MAGISTRATE JUDGE
District of New Mexico